IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


RICHARD E. HANNER,              )
                Plaintiff    )
                                )
      vs.                       ) Civil Action No. 04-941
                                ) Judge Gary L. Lancaster/
DONALD J. HAMLIN, Wilkinsburgh  ) Magistrate Judge Amy Reynolds Hay
Detective; DETECTIVE LQ,        )
                Defendants   )


REPORT AND RECOMMENDATION


I.    RECOMMENDATION

        It is respectfully recommended that the complaint in
the above-captioned case (Docket No. 3) be dismissed for failure
to prosecute.


II.  REPORT

        The plaintiff, Richard E. Hanner, has presented a civil
rights complaint against Donald Hamlin and Detective LQ.  In his
complaint, plaintiff alleges that the defendants falsified
certain reports and subjected plaintiff to an unlawful arrest, in
violation of his constitutional rights.

        On May 24, 2005, this Court issued an order directing
service of the Complaint as directed by plaintiff.  Subsequently,
the United States Marshal filed a Notice of Inability to
Effectuate Service and the Court then ordered personal service.
The United States Marshal has been unable to effectuate personal

service inasmuch as plaintiff has failed to respond to the

Marshal's request for proper service addresses.

It is clear that the punitive dismissal of an action

for failure to comply with court orders is left to the discretion

of the Court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).

In determining whether an action should be dismissed as a

sanction against a party the Court must consider six factors.

These factors, as set forth in Poulis v. State Farm Fire and

Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as

follows:

> (1)   The extent of the party's personal responsibility.
>
> (2)   The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3)   A history of dilatoriness.
>
> (4)   Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5)   The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6)   The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action

should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure

to comply with this Court's Order and failure to provide proper

service information so that the case may proceed, which weigh

heavily against him.  Plaintiff's failure to respond to the

United States Marshal with proper service instructions was not

only solely his personal responsibility but his failure to do so
even four months later appears willful and constitutes a history
of dilatoriness.

With respect to the second factor -- the prejudice
caused to the adversary by plaintiff's failure to comply with
this Court's Orders -- inasmuch as service has not been made
there would appear to be no specific prejudice to defendants
other than general delay.  Similarly, factor No. 6 -- the
meritoriousness of the claim -- will be weighed neither in favor
nor against plaintiff, although it appears that defendants may
have meritorious defenses.  Nevertheless, "[n]ot all of these
factors need be met for a district court to find dismissal is
warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of
sanctions other than dismissal.  Since the plaintiff filed this
action in forma pauperis, it does not appear that monetary
sanctions are appropriate.  However, because he has failed to
provide service instructions so that the case may go forward, it
appears that the plaintiff has no serious interest in pursuing
this case.  Therefore, dismissal is the most appropriate action
for this Court to take, and it is respectfully recommended that
the complaint in the above-captioned case be dismissed since no
other sanctions will serve justice.  Mindek, supra; Titus v.
Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy,
any party may serve and file written objections to this Report
and Recommendation.  Any party opposing the objections shall have

3

seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,


/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge


Dated: January 3, 2006


cc:  Richard E. Hanner
     21363
     Allegheny County Jail
     950 Second Avenue
     Pittsburgh, PA 15219